UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAGI ALJAHMI,<br><br>  Plaintiff,<br><br>-against-<br><br><br>1738 FINEST DELI INC and ABDULLAH ALJAHMI,<br><br>  Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff NAGI ALJAHMI, by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants 1738 FINEST DELI INC. ("1738 Finest Deli" or the "Corporate Defendant") and ABDULLAH ALJAHMI (the "Individual Defendant") (the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 1738A East Gunhill Rd, Bronx, NY, 10469.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8. Upon information and belief, Individual Defendant is an owner, manager and/or employee of the Corporate Defendant.

9. The Corporate Defendant owns a food shop and deli.

10. Individual Defendant possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

11. Individual Defendant approves the payroll practices for 1738 Finest Deli's employees, including Plaintiff.

12. Individual Defendant possesses operational control over 1738 Finest Deli and its employees through his financial control over 1738 Finest Deli.

13. Plaintiff has been employed by Defendants to work as a cashier and deli worker within the last six (6) years.

14. Individual Defendant is individually sued in his capacity as an owner, officer, and/or agent of the Corporate Defendant.

15. Individual Defendant exercised sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

16. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

17. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

  i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week;

  ii. Defendants' failure to pay Plaintiff the proper minimum wage;

  iii. Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195; and

  iv. Defendants' failure to pay Plaintiff spread-of-hour payments under 12 NYCRR 142-2.4.

18. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

19. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

20. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff, who worked in excess of forty (40) hours per week.

21. Defendants have maintained a policy and practice of failing to properly pay their employees.

22. Defendants have maintained a policy and practice of failing to provide Plaintiff with proper wage notices and paystubs.

#### A. Plaintiff's Schedule and Pay.

23. Plaintiff worked for Defendants as a cashier and deli worker from 2014 until June 3, 2020.

24. Plaintiff worked from 6:00 a.m. until 11:00 p.m., seven days per week, and frequently from 5:30 a.m. until midnight.

25. Plaintiff therefore regularly worked 17 or 18 hours per day, totaling 119-126 hours per week.

26. Individual Defendant initially claimed that Plaintiff would be paid at a rate of $600 per week.

27. However, on Sundays, when Plaintiff asked Individual Defendant whether he could retain the $600 he was promised before depositing the day's takings in the bank, Individual Defendant protested.

4

28. Individual Defendant only allowed Plaintiff to take $100 or $200 each week.

29. Individual Defendant attempted to justify this request by claiming that he would provide Plaintiff with a share in the business at some point in the future.

30. However, Individual Defendant never gave Plaintiff any share in the business.

31. Individual Defendant therefore paid Plaintiff far below the required federal and state minimum wages.

32. Defendants failed to pay Plaintiff for all of his hours worked.

33. Defendants failed to pay Plaintiff time and a half for all of his hours worked above 40 per week.

34. Defendants violated both the federal Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for his extensive overtime hours.

### B. Notice and Recordkeeping Violations.

35. Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

36. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

37. Defendants also did not provide Plaintiff with proper paystubs specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

38. Accordingly, Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### C. Spread of Hours Violations.

39. Plaintiff regularly worked more than 10 hours a day.

40. Nevertheless, Defendants never provided him with spread-of-hours payments as required by the NYLL.

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA against all Defendants)

41. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

42. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

43. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

44. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

45. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

47. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

48. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations under FLSA against all Defendants)**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Federal law requires an employer to pay all employees minimum wage, which is set at $7.25 per hour.

51. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required minimum wage rate.

52. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Minimum Wage Violations under NYLL against all Defendants)

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. New York law requires an employer to pay all employees minimum wage, which was set at $15 per hour for all New York City employers employing fewer than 10 people as of December 31, 2019.

55. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required minimum wage rate.

56. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide her with a notice describing, *inter alia*, her hourly regular and overtime rates of pay.

8

59. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff with a wage statement, along with her pay, that specified her rate of pay, her hours worked, and the pay period.

60. Defendants failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

61. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(NYLL Spread-of-Hours Against all Defendants)**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Pursuant to 12 NYCRR 142-2.4, Defendants had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each hour he worked in excess of 10 hours in a given day.

64. Although Plaintiff regularly worked more than 10 hours each day, Defendants failed to compensate Plaintiff for one hour's pay at the minimum wage.

65. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: May 20, 2022
      New York, New York

                            Respectfully submitted,

                            *Michael Taubenfeld*

                            Michael Taubenfeld
                            FISHER TAUBENFELD LLP
                            225 Broadway, Suite 1700
                            New York, New York 10007
                            Phone: (212) 571-0700
                            Facsimile: (212) 505-2001
                            *ATTORNEYS FOR PLAINTIFF*